# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARIANA PACHECO, | No. C26-4011-LTS-MAR |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| WESTERN IOWA TECH COMMUNITY COLLEGE, | |
| Defendant. | |

## I.    INTRODUCTION

This matter is before me on a motion (Doc. 8) to dismiss for insufficient service of process filed by defendant Western Iowa Tech Community College (WITCC) and a motion (Doc. 13) for extension of time of deadline for service and to issue summons filed by plaintiff Mariana Pacheco. Pacheco has filed a resistance (Doc. 11) to WITCC's motion to dismiss and WITCC has filed a reply (Doc. 14). WITCC has also filed a resistance (Doc. 15) to Pacheco's motion for extension and Pacheco has filed a reply (Doc. 16). Oral argument is not necessary. *See* Local Rule 7(c).

## II.    BACKGROUND

On October 8, 2025, Pacheco filed an action against WITCC in Iowa District Court for Woodbury County, alleging various Title VII claims as well a claim under the Americans with Disabilities Act (ADA) and a claim of negligence. Doc. 5 at 1-21. The original deadline for service was January 6, 2026. *See* Iowa Rule of Civil Procedure 1.302(5) (providing respondent must be served within 90 days after filing the petition). On January 6, 2026, Pacheco filed a motion to extend the period for service pursuant to Iowa Rule of Civil Procedure 1.302(5), stating that her counsel had contracted with a

private process server to serve the petition and original notice on WITCC but, despite multiple attempts to contact the process server to confirm service had been effectuated, was unsuccessful. Doc. 1-2 at 45-47. The court granted a 30-day extension ordering that Pacheco serve the original notice on or before February 6, 2026. *Id.* at 49. On January 28, 2026, Pacheco filed a return of service, in which a deputy of the Woodbury County Sheriff certified that he "served the copy to campus security who will in turn get it to Troy Jasman, he is out of town for a bit yet." *Id.* at 51.

On February 18, 2026, WITCC removed the case to this court. *See* Doc. 1. It filed its motion (Doc. 8) to dismiss for insufficient service of process on February 25, 2026. On February 27, 2026, Pacheco served WITCC through its secretary, Brenda Wright, and filed its motion (Doc. 13) for extension of time of deadline for service on March 5, 2026.

### III.   ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss a complaint for "insufficient service of process." Federal Rule of Civil Procedure 81(c) provides that the federal rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Thus, "in a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, and after removal, by federal law." *Barner v. Thompson*, 796 F.3d 897, 900 (8th Cir. 2015) (internal citations omitted).

WITCC argues Pacheco failed to properly serve it under Iowa Rule of Civil Procedure 1.302(5), which requires a defendant "be served within 90 days after filing the petition." Iowa R. Civ. P. 1.302(5). It notes that service upon a school corporation, such as WITCC, is accomplished "by serving its president or secretary." Iowa R. Civ. P. 1.305(10). WITCC notes that service on campus security was insufficient and that even if the notice had been passed on to Jasman, he is the Vice President of Finance and Administrative Services and Chief Financial Officer and the Board Treasurer. *See*

2

https://catalog.witcc.edu/content.php?catoid=14&navoid=1115 (identifying WITCC's Board and President).  WITCC notes that Pacheco never cured her insufficient attempt at service, nor did she seek an additional extension of time to complete service before the state court's deadline of February 6, 2026.  WITCC argues Pacheco cannot show good cause for the insufficient service and requests that this case be dismissed.

Pacheco seeks an extension of time to perfect service under 28 U.S.C. § 1448, which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Pacheco also relies on Federal Rule of Civil Procedure 4(m), providing that service must be completed within 90 days after the complaint is filed.  As such, Pacheco argues she should have 90 days from the date of removal to perfect service.

WITCC argues that neither § 1448 nor Rule 4(m) can revive a case that was already subject to dismissal under state law before removal.  *See Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998).  WITCC argues Rule 4(m) does not apply because the service deadline had already expired prior to removal.  If the rule is read to provide a new 90-day service deadline, this would mean a defendant waives its right to remove a case to federal court or waives its right to seek dismissal for insufficient service of process.

Pacheco argues that application of federal law, including § 1448, is a consequence of WITCC's removal.  She notes that Iowa Rule of Civil Procedure 1.302(5) does not mandate dismissal under these circumstances and, in any event, there was good cause for the insufficient service and WITCC makes no argument that it would be prejudiced by allowing Pacheco time to effectuate service.

With respect to § 1448, the Eighth Circuit has stated: "We do not believe that this section can 'resurrect' a removed diversity case which would have been dismissed as time-barred had it remained in state court." *Marshall*, 155 F.3d at 1033. *Marshall* involved defective service under South Dakota law in a case originally filed in South Dakota state court. *Id.* at 1029. The process server was instructed to serve defendant but, when he could not locate the defendant, contacted the defendant's mother at her place of employment, who agreed to take the papers and deliver them to her son, with whom she shared a residence. *Id.* The defendant later removed the case to federal court, which granted his motion to dismiss based on failure to comply with the requirements for service of process under South Dakota law. *Id.* at 1030.

On appeal, the court found that delivery of the summons and complaint to the defendant's mother at her place of employment was not valid substituted service of process under South Dakota law. *Id.* It also rejected the argument that substantial compliance was all that was required for substituted service of process (as opposed to personal service of process) under South Dakota law. *Id.* at 1031. In any event, the court concluded that service of process on the defendant's mother at her place of employment did not substantially comply with the substituted service of process statute. *Id.*

The court also rejected an argument that defendant had admitted service of process because he admitted actual receipt of the summons and complaint from his mother. *Id.* at 1032. Further, the court declined to find that defendant's mother had personally served him. *Id.* The court held that it was not an abuse of discretion for the district court to dismiss the action, noting that service of the summons and/or complaint is required to commence a lawsuit and toll the running of the applicable statute of limitations. Because the attempted service was defective under South Dakota law, the defendant had not been served within the three-year statute of limitations. *Id.* at 1033. Had the case remained in state court, it would have been time-barred 10 days after the attempted service on defendant's mother. Thus, the court stated that § 1448 cannot "resurrect" a removed

4

diversity case which would have been dismissed as time-barred had it remained in state court.  *Id.*

WITCC argues this case is similar because Pacheco had a 90-day deadline to file her case pursuant to a Right to Sue letter and would not be permitted to refile, even if her case is dismissed without prejudice.  Pacheco argues this case is closer to *Barner*, a case in which the plaintiffs did not perfect service on one of the defendants because they had served the summons and complaint on a corporation that was not a registered agent for that defendant.  *Barner*, 796 F.3d at 899. After the time for completing service had expired, the defendants removed the case to federal court and moved to dismiss for failure to complete timely service because they had not served the defendant's registered agent. Citing *Marshall*, the district court dismissed the case.  *Id.* at 899-900.  On appeal, the court noted that Arkansas has a savings statute that allows for additional time to perfect service.  Thus, if plaintiffs' case had remained in state court, it would have been dismissed for insufficient service, but that dismissal would have been without prejudice and plaintiffs would have had a year to refile their claims under the savings statute.  *Id.* at 902.  Unlike *Marshall*, their claims were not forever time-barred.  *Id.*

While Iowa does not have a savings statute like Arkansas', Iowa Rule 1.302(5) does not mandate dismissal for insufficient service of process but allows the court to extend the time for service if the party filing the papers is able to show good cause. Therefore, the relevant question is whether, under Iowa law, Pacheco can establish good cause for the insufficient service of process.  Good cause requires that:

> [t]he plaintiff must have taken some affirmative action to effectuate service of process upon the defendant or have been prohibited, through no fault of his [or her] own, from taking such an affirmative action.  Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been [deemed] insufficient to show good cause.

*Crall v. Davis*, 714 N.W.2d 616, 620-21 (Iowa 2006) (alterations in original) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002)).  Good cause may exist:

> when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances.

*Id.* at 621 (quoting *Wilson v. Ribbens*, 678 N.W.2d 417, 421 (Iowa 2004)).

There is no dispute that Pacheco's service on WITCC was insufficient under Iowa law. There is also no dispute that the Iowa District Court required any additional extension request "be filed on or before [February 6, 2026] and contain a showing of good cause." Doc. 1-2 at 49. Pacheco failed to perfect service by February 6 and did not seek an additional extension before the deadline expired. WITCC argues Pacheco cannot establish good cause. Pacheco argues she exercised diligence in serving WITCC, citing her use of a process server and multiple attempts by counsel to confirm whether service had been effectuated or not. After it became clear that service may not have been completed, Pacheco moved for an extension and retained the Woodbury County Sheriff's Office to effectuate service. While this second attempt at service was also unsuccessful, Pacheco argues she did not sit idle and fail to prosecute her claims. She argues that delays with justification and attempts at service establish good cause to extend the time period to serve a defendant. Doc. 11-1 at 12 (citing *Crall*, 714 N.W.2d at 621).[1] Pacheco further notes that WITCC has now been served through its secretary and, because Iowa courts have recognized an attempt at service as establishing good cause, I should allow the extension.

---

[1] Notably, the Court in *Crall* found that plaintiffs' affirmative steps to serve the defendant did not amount to good cause because the first attempt at service occurred 50 days into the deadline, was directed to the wrong individual, and the second attempt did not occur until four days before the expiration of 90-day deadline. At that point, they learned defendant was not home, but at her daughter's house in California, and plaintiffs made no attempt to serve defendant there. The 90-day deadline passed without plaintiffs seeking an extension or directions from the court. *Crall*, 714 N.W.2d at 617-21.

WITCC cites *Shipp v. Oskaloosa Comm. Sch. Dist.*, 4:18-cv-00087, 2018 WL 8665815, at *1 (S.D. Iowa May 8, 2018) as directly analogous. In *Shipp*, the plaintiff attempted to serve the defendants (a school district and school district employees) by serving the superintendent using a process server. *Shipp*, 2018 WL 8665815, at *1. After the 90-day deadline passed, defendants removed the case to federal court and moved to dismiss the case for insufficient service of process. The court concluded the plaintiff had not shown good cause for an extension because even though the plaintiff had taken affirmative steps to serve defendants, her counsel had failed to identify the mistake, which amounted to a combination of "[i]nadvertence, neglect, misunderstanding, [and] ignorance of the rule" under the circumstances of the case. *Id.* at *4 (quoting *Meier*, 641 N.W.2d at 542). The court also noted that a plaintiff "cannot rely on the opposing party to inform . . . her that service was not sufficient." *Id.* (quoting *Mokhtarian v. GTE Midwest Inc.*, 578 N.W.2d 666, 669 (Iowa 1998)). The court distinguished the cases cited by the plaintiff, noting that she was neither diligent in effectuating service before the deadline (she attempted service on day 89) nor was she unaware of the defect in service, as the proof of service indicated that documents had been left with the superintendent. She also waited 49 days after the service deadline passed to request additional time. *Id.*

*Shipp* is distinguishable in some respects, especially regarding timing. Here, Pacheco's first attempt at service was ambiguous as to whether it had been perfected by the process server and Pacheco appropriately sought an extension from the court prior to the deadline. After receiving an extension on January 8, 2026, she retained the services of the Woodbury County Sheriff's Office on January 19, 2026. Because the Sheriff's Office serves only civil documents that are submitted by mail, and does not accept emails or faxes, it did not receive the request until January 22, 2026. It attempted service on January 26, 2026, still well before the February 6, 2026, deadline. The circumstances are similar to *Shipp* in that the return indicated service was defective on its face, as it stated it was served on campus security, who would in turn get it to Jasman, neither of

7

whom are the president or secretary. Thus, counsel had notice that service had not been perfected because the return indicated (1) it had not yet made it to Jasman and (2) even if it had made it to Jasman, he was not the correct individual to serve WITCC. Thus, Pacheco should have sought another extension or attempted to correct the defect prior to the February 6 deadline. When WITCC filed its motion to dismiss on February 25, 2026, after the case had been removed, counsel for Pacheco quickly retained a third process server on February 27, 2026, who served WITCC (albeit untimely) through its secretary and filed a motion requesting the court to issue summons pursuant to 28 U.S.C. § 1448.

I find Pacheco has demonstrated good cause to allow an extension to perfect service on WITCC. While her counsel should have made another attempt at service, or at least sought an extension prior to the expiration of the deadline, dismissal of her case under these circumstances is a harsh sanction, as the 90-day deadline under her Right to Sue letter has expired. *See Rucker v. Taylor*, 828 N.W.2d 595, 603-04 (Iowa 2013) (discussing the analogous Fed. R. Civ. P. 4(m) and noting that the time limit for service should not be applied too narrowly and the court should consider whether dismissal would be prejudicial to the plaintiff). Pacheco employed two different process servers who were both unsuccessful in completing service. *See Wilson*, 678 N.W.2d at 421 (recognizing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server. . . ."). The lack of service was not based on delay by Pacheco in attempting service or hiring process servers to attempt service, but in the process servers serving the wrong individual. *Compare Duwa v. Brooks*, No. 08-2038, 2009 WL 5126140, at *2 (Iowa Ct. App. Dec. 30, 2009) (finding good cause where plaintiff had pursued a reasonable course of action to effectuate service within ninety days, but it was not accomplished due to the sheriff's office taking over a month to serve the original notice). Once counsel became aware of the defect, he worked quickly to have WITCC properly served, even if it was untimely and incomplete under the federal rules. As such,

I will grant Pacheco's motion for an extension of time and will issue summons to allow her to perfect service under § 1448 and Fed. R. Civ. P. 4(m).

## *IV.  CONCLUSION*

For the reasons stated herein, defendant WITCC's motion (Doc. 8) to dismiss for insufficient service of process is **denied**.  Plaintiff Mariana Pacheco's motion (Doc. 13) for extension of time of deadline for service and to issue summons is **granted**.  The Clerk of Court shall issue the proposed summons (Doc. 13-2) that Pacheco has submitted.

**IT IS SO ORDERED** this 8th day of April, 2026.

_____
Leonard T. Strand
United States District Judge

9